(Reap. Dec. 10903)

MADISON IMPORT CORPORATION v. UNITED STATES

Entry No. 4000, etc.

(Decided March 2, 1965)

*Stein & Shostak* for the plaintiff.

*John W. Douglas*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge:   The appeals for reappraisement, enumerated in schedule "A," hereto attached and made a part hereof, are before me for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court:

1.   That the merchandise covered by the entries and subject of the appeals for reappraisement enumerated in the attached Schedule of Cases which is incorporated herein, consists of guitars, etc., exported from Japan, and that, on the dates of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the

usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including the cost of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit values plus f.o.b. charges set out on the invoices, but not including the buying commission.

2. That as to any of the merchandise covered by the entries the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases, which is included on the list of articles designated by the Secretary of the Treasury in T.D. 54521 as provided for in Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, which is subject to appraisement under Section 402(a) of the Tariff Act of 1930 as amended, that there were no higher foreign values for such or similar merchandise on the dates of exportation involved herein.

3. That all the merchandise covered by the appeals for reappraisement the subject of this stipulation was entered subsequent to February 27, 1958.

4. That the appeals for reappraisement enumerated in the attached Schedule of Cases may be deemed submitted for decision on the foregoing stipulation.

The stipulated facts established that the proper basis for appraisement of the merchandise covered by the entries enumerated on the attached scheduled is statutory export value and that such value is the invoice unit prices, plus f.o.b. charges, less the buying commission charges, as set out on the invoices, and I so hold.

Judgment will be rendered accordingly.